PER CURIAM.
Appellant, the Georgia Insurers Insolvency Pool (GIIP), challenges the order of the trial court adding it as a defendant on a third party beneficiary claim. We affirm.
Suit was filed against J.D. Ray Company (Ray), a Georgia trucking company, and Richard Brewer, a truck driver working as an independent contractor for Ray. The cause of action arose when Brewer, a Florida resident, was involved in a serious traffic accident in Alachua County, resulting in one fatality and several injuries. By summary judgment, Ray was found not to be in any way negligent; Brewer, however, was found negligent following a jury trial.
J.D. Ray Company and its hired vehicles were insured by Allied Insurance Company (Allied) under a policy which, by its terms, also insured Brewer, as the owner of a vehicle hired by Ray, at the time of the accident. Subsequent to the accident, Allied became insolvent. Following the verdict against Brewer, the plaintiffs sought leave to add the Florida Guaranty Association and GIIP as defendants on a third party beneficiary claim. The trial court granted the plaintiffs’ motion, and GIIP appeals.
GIIP argues, on the authority of South Carolina Insurance Guaranty Association v. Underwood, 527 So.2d 931 (Fla. 5th DCA 1988), that GIIP lacks minimum contacts with the forum state of Florida to support personal jurisdiction. In Underwood, the reviewing court reversed a summary judgment rendered against an out-of-state insurance guaranty association, the South Carolina Guaranty Association (SCI-GA). The question presented on appeal in Underwood was whether SCIGA violated the terms of an existing insurance contract so as to be subject to the terms of Florida’s long-arm statute, section 48.193, Florida Statutes, when it refused to pay a Florida judgment rendered against an insolvent insurance company had which insured the defendant, a South Carolina resident. The contractual obligation between the insolvent company and the insured defendant was asserted to be the basis of jurisdiction. However, because the contract was executed in South Carolina for services to be performed in South Carolina and because neither SCIGA nor the insolvent company availed itself of the privileges of doing business in Florida, the Underwood court found that personal jurisdiction could not be asserted over SCIGA.
Under the Georgia Insurers Insolvency Pool Act, coverage afforded by a property or casualty insurance policy issued by an insurer which has been determined to be insolvent shall, with respect to “covered claims,” become the obligation of GIIP, and GIIP “shall be deemed to be the insurer with respect and to the extent of the claims with all the rights, duties, and *379 obligations of the insolvent insurer....” Ga.Code Ann. § 33-36-9 (1989) (emphasis added). GIIP is further vested by this provision with the authority “to investigate, adjust, compromise, and settle covered claims or to investigate, handle, and deny noncovered claims.” Id. A “covered claim” is one which arises out of a property or casualty insurance policy issued by an insurer which is authorized to do business in Georgia, and which, among other things, arises under a liability policy when the insured is a resident of Georgia at the time of the insured event. Section 33-36-3. J.D. Ray Company, the insured under the Allied policy, was a Georgia resident at all times relevant to the instant case. Thus, the claim at issue constitutes a “covered claim.” We observe, incidentally, as GIIP conceded in oral argument, that it participated in the defense of the underlying negligence suit brought in a Florida court. Because GIIP, under Georgia law, assumes the rights, duties and obligations of an insolvent insurer with respect to covered claims, GIIP becomes, in effect, the “insurer.”
We find GUP’s argument that it has not purposefully availed itself of the privilege of doing business in Florida unavailing. As an entity created to provide a remedy when an insurer becomes insolvent, GIIP does not have a need for “doing business,” as GIIP would have us construe that phrase, in any state. Given the unique circumstances presented in this case, the purposeful availment requirement of due process is satisfied by the scope of GUP’s authority under Georgia law. Because GIIP stands in the place of Allied under Georgia law, the Florida court’s jurisdiction is coextensive with the court’s jurisdiction over Allied based upon Allied’s business contacts with Florida. The trial court found jurisdiction over GIIP was established based upon the fact, among other things, that Ray obtained the policy from an agency in Florida. The policy itself shows that it was issued by an insurance brokerage firm in Satellite Beach, Florida, which issued the policy as “authorized representative” of Allied.
Contrary to GUP’s assertion, the Underwood decision actually supports our analysis in the instant case. A close examination of that case reveals that, as here, personal jurisdiction over an out-of-state guaranty association was asserted on the basis of an insurance contract to which the guaranty association was not, strictly speaking, a party. In determining whether it was possible to establish jurisdiction under the long-arm statute, the Underwood court specifically considered the conduct of the insolvent company in negotiating the contract, and inquired whether the insolvent company, rather than the guaranty association, had availed itself of the privilege of conducting business activities in the forum state of Florida. 527 So.2d at 935. Since the trial court obviously found (and GIIP has conceded in oral argument) that Allied conducted business in the State of Florida, it is clear that personal jurisdiction could be established over Allied under section 48.193(l)(a), Florida Statutes.
Because the result we reach in this case necessarily subjects to liability the insurance guaranty association of a sovereign, sister state, we certify, as being of great public importance, the following question:
WHETHER THE CONDUCT OF AN INSOLVENT INSURER DOING BUSINESS IN FLORIDA MAY BE SHIFTED TO GEORGIA INSURERS INSOLVENCY POOL SO AS TO SATISFY THE MINIMUM CONTACTS REQUIREMENT OF THE DUE PROCESS CLAUSE AND VEST JURISDICTION BY THE FLORIDA COURTS OVER THE GEORGIA INSOLVENCY POOL UNDER SECTION 48.193, FLORIDA STATUTES?
AFFIRMED.
SMITH, NIMMONS and MINER, JJ., concur.